IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAFENUS BURTON, | : | |
| *Petitioner*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-cv-1579 |
| | : | |
| SUPERINTENDENT JOSEPH TERRA, | : | |
| *et al.*, | : | |
| *Respondents*. | : | |

## MEMORANDUM

**KENNEY, J.**                                                                                         **July 11, 2025**

On April 25, 2018, a jury convicted Petitioner Lafenus Burton ("Petitioner" or "Mr. Burton") of possession of a controlled substance and conspiracy to possess cocaine with the intent to deliver. ECF No. 2 at 4; ECF No. 11 at 1. He was sentenced to 66 to 132 months' incarceration on May 31, 2018. ECF No. 2 at 4. Now, Petitioner seeks relief through a writ of habeas corpus, asserting the following claims:

1. The evidence presented at trial was not sufficient to convict him, since "the Commonwealth did not introduce any testimony or evidence establishing that [he] knowingly or intentionally possessed a controlled substance or that he conspired with any other person to commit the crime of delivery of a controlled substance";

2. The evidence obtained from the minivan should have been suppressed because "the police provided the judge who issued he [sic] search warrant for the minivan with false and misleading information in their affidavit of probable cause";

3. The minivan keys and the minivan were both illegally seized without a search warrant; and

4. He was denied his Sixth Amendment right to effective counsel in that appellate counsel's failure to include the affidavit of probable cause for the search warrant as part of the certified appeals record caused the waiver of the issue regarding suppression because of false and misleading statements in the affidavit.

ECF No. 20 ("R&R") at 4 (quoting ECF No. 2 at 8–16).

On October 11, 2024, Magistrate Judge Scott W. Reid issued a Report and

1

Recommendation recommending that the Petition be denied in part and dismissed in part. R&R at 12. On December 16, 2024, Petitioner filed Objections to the Report and Recommendation. ECF No. 23 ("Objections"). The Court now writes to address Petitioner's Objections and whether Petitioner is entitled to a Certificate of Appealability.[1] For the reasons below, the Court overrules Petitioner's objections and declines to grant a Certificate of Appealability.

## I. PETITIONER'S OBJECTIONS

Petitioner lodges the following objections to Magistrate Judge Reid's Report and Recommendation: (1) "contrary to Magistrate Judge [Reid]'s findings, the decision reached by the state court[] regarding the trial court's error in denying trial counsel's motion for judgment of acquittal was an unreasonable application of and contrary to federal law"; (2) Petitioner's Fourth Amendment claims "are cognizable under the *Powell* exception, as the State did not afford Petitioner a full and fair opportunity to litigate the Fourth Amendment claim[s]"; and (3) "Petitioner was prejudiced by appellate counsel's failure to include the affidavit of probable cause on appeal." Objections at 3.

Here, Petitioner's first and third objections, even when construed liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), appear to simply restate the arguments contained in his habeas petition. Therefore, Petitioner's objections on these grounds are overruled for the same reasons that Petitioner's habeas claims are denied, as discussed and analyzed at length by Magistrate Judge Reid in the Report and Recommendation. Mr. Burton's second objection necessitates further discussion and will be addressed in turn.

---

[1] In providing the reasoning herein, the Court assumes the parties' familiarity with the facts of this case. For a detailed overview of the facts, the Court refers the reader to Magistrate Judge Reid's Report and Recommendation. *See generally* R&R.

A.    *Claim Two: Alleged False Statements in Affidavit of Probable Cause*

Magistrate Judge Reid concluded that Mr. Burton had "an opportunity to litigate" his claim that the affidavit of probable cause contained false statements "fully and fairly." R&R at 8–9. Mr. Burton objects to this ruling on the ground that the direct appellate court did not provide him "with a fair opportunity for review of his suppression claim," as the direct appellate court determined that Mr. Burton waived his Fourth Amendment claim by failing to include the affidavit of probable cause in the appellate record. Objections at 11–12. Such a finding, Petitioner argues, amounted to a structural "error . . . [and] defect in the system itself [which] prevented" Mr. Burton's "claim from being heard" and reviewed on direct appeal. *Id.* at 12.

The Court overrules the objection. Federal habeas corpus relief based on a Fourth Amendment claim is barred when "the [s]tate has provided an opportunity for full and fair litigation of [the] Fourth Amendment claim." *Stone v. Powell*, 428 U.S. 465, 494 (1976); *see also U.S. ex. rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1978). "A petitioner is considered to have had a full and fair opportunity to litigate such claims if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure, ***irrespective of whether the petitioner actually availed himself of that mechanism***." *Montgomery v. Emig*, No. CV 22-1023(MN), 2025 WL 50023, at *5 (D. Del. Jan. 8, 2025) (emphasis added) (citing *Jeffes*, 571 F.2d at 766); *see also Boyd v. Mintz*, 631 F.2d 247, 250 (3d Cir. 1980) ("[A]ssuming, without deciding, that 'opportunity' simply means providing procedures by which one can litigate a Fourth Amendment claim . . . .").[2] Put differently, an "opportunity for full and fair litigation" means that no "structural defect in the system itself prevented [the petitioner's] claim from being heard."

---

[2] The United States Supreme Court recently acknowledged the holding in *Stone* to be "that some claims are not cognizable in federal habeas if state courts provide a mechanism for review." *Brown v. Davenport*, 596 U.S. 118, 133 (2022) (citing *Stone*, 428 U.S. at 494–95).

*Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002).  Importantly, "[a]n erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the bar." *Id.*

Here, Mr. Burton specifically argues that "the appellate court['s] erroneous conclusion that Petitioner's suppression claim was waived and not reviewable was clearly a [structural] error." Objections at 12.  But, as set forth in *Marshall*, an "erroneous" resolution is not enough to overcome the *Stone* bar.  307 F.3d at 82.  Further, there is no structural defect here.  Mr. Burton had access to a suppression hearing at the trial court level, participated in the hearing, and proceeded to raise his suppression claims on appeal.  *See* ECF No. 9-23 at 23–24; *Commonwealth v. Burton*, No. 1874 EDA 2018, 2019 WL 5549555, at *4–*7 (Pa. Super. Ct. Oct. 28, 2019). Although the Pennsylvania Superior Court deemed the suppression issue regarding the probable cause affidavit waived because the affidavit was not included in the appellate record, Mr. Burton was given a full and fair *opportunity* to litigate the issue.  *See, e.g.*, *Callaghan v. Sutter*, No. 02CV410JHPFHM, 2005 WL 2789201, at *3–*4 (N.D. Okla. Sept. 23, 2005) (holding that petitioner had a full and fair opportunity to litigate even where the state appellate court "found that . . . the claim related to service of the search warrant had been waived").

To be sure, Third Circuit precedent indicates that "where the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process, [federal habeas relief] may still be warranted." *Boyd*, 631 F.2d at 250 (quoting *Gates v. Henderson*, 568 F.2d 830, 840 (2d Cir. 1977) (en banc) (internal quotations omitted), *cert. denied*, 434 U.S. 1038 (1978)); *see also Cappiello v. Hoke*, 698 F. Supp. 1042, 1050 (E.D.N.Y. 1988), *aff'd*, 852 F.2d 59 (2d Cir. 1988) ("In short an unconscionable breakdown in the state's process must be one that calls into serious question whether a conviction is obtained pursuant to those fundamental notions of due process that are at the heart of a civilized society.").  However,

*Boyd* is narrow binding precedent.  There, the petitioner's "motion to suppress was dismissed [at the trial court level], and thus was not considered on the merits, because it was not accompanied by a formal application for extension," creating an "unusual combination of circumstances" warranting review of the petitioner's Fourth Amendment claim.  *Boyd*, 631 F.2d at 250–51.

The Court does not find that an unconscionable breakdown occurred under the circumstances.  Petitioner argues that, because the information contained in the affidavit "was referenced in detail and even cited by Petitioner within the suppression and trial testimony," the direct appeal court erred in determining the Fourth Amendment claim was waived, thus leading to a "breakdown in the process."  Objections at 11–12.  However, the Pennsylvania Superior Court's ruling is far from "unconscionable."  The Superior Court, citing to caselaw and the Pennsylvania Rules of Criminal Procedure, explained:

> When police have obtained a warrant, the suppression court's scope of review is limited to the affidavit of probable cause. If a defendant seeks to suppress "evidence obtained pursuant to a search warrant, no evidence shall be admissible [in the suppression court] to establish probable cause other than the affidavits . . . . " Pa. R. Crim. P. 203(D). And, when the Commonwealth wins the suppression hearing, our scope or review of that hearing is limited to "only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Commonwealth v. Baker*, 24 A.3d 1006, 1015 (Pa. Super. 2011), *affirmed*, 78 A.3d 1044 (Pa. 2013).

*Burton*, 2019 WL 5549555, at *4.  In light of this framework, the Superior Court determined that "[w]ithout [the affidavit], none of the Commonwealth's evidence (or the suppression court's basis for its findings of fact) is of record."[3]  *Id.*

---

[3] When faced with what it referred to as "a quandary," the Superior Court's staff also "contacted the Court of Common Pleas to ensure that the affidavit was not missing due to an inadvertent, ministerial error of record keeping."  *Burton*, 2019 WL 5549555, at *4 & n.5.  In response, "[t]he law clerk to the judicial officer who heard the suppression hearing informed [the Superior Court's staff] that the 'affidavit/application for a search warrant for the Butler Street residence' was not in the trial judge's chambers."  *Id.* at *4 n.5.  As a result, the Superior Court "conclud[ed] that only Burton's failure to ensure the recordation of the affidavit caused the gap in the appellate record, rather than any 'breakdown in the processes of the court' that [it] could rectify under [Pennsylvania] Rule of

5

The Court therefore does not view the Superior Court's finding of waiver as an "unconscionable breakdown." Accordingly, because Mr. Burton has failed to show that he lacked a "full and fair opportunity" to litigate his Fourth Amendment claim, the claim is not cognizable on habeas review, and the objection is overruled.[4]

B.   *Claim Three: Alleged Unlawful Seizure of the Minivan and Minivan Keys*

Magistrate Judge Reid also concluded that Mr. Burton had "an opportunity to litigate" his claim that his minivan and minivan keys were illegally seized without a search warrant "fully and fairly." R&R at 8–9. Mr. Burton objects to this ruling on the ground that "the state's 'failure to give at least colorable application of the correct Fourth Amendment constitutional standard' might amount to a denial of the opportunity for full and fair litigation." Objections at 14 (quoting *Gilmore v. Marks*, 799 F.2d 51, 57 (3d Cir. 1986)). Mr. Burton argues that there was "no indication that evidence was recovered from the residence to substantiate that evidence of the commission of a crime [would] be obtained or found in Petitioner's vehicle," *id.* at 14, and that the Superior Court on direct appeal "erred in not finding the trial court erred in denying Petitioner's motion to suppress evidence found in the minivan." *Id.*

The Court overrules the objection, applying the legal framework in Section I.A, *supra*. Here, the crux of Mr. Burton's objection is that the Superior Court erred in failing to find that the trial court erred in not suppressing the evidence seized from the minivan. However, there is no

---

Appellate Procedure 1926(b)." *Id.*

[4] Although faced with the separate question of whether "the [Post Conviction Relief Act] court erred in dismissing [Mr. Burton's] claim that direct appeal counsel was ineffective" for failing to include the probable cause affidavit in the direct appeal record, the Pennsylvania Superior Court reviewed the affidavit in question and concluded that Mr. Burton (1) had "not established that had the affidavit of probable cause been submitted on direct appeal and the suppression issue preserved, [the direct appeal] [c]ourt likely would have granted relief," and (2) could not "show the underlying claim [was] of arguable merit." *Commonwealth v. Burton*, 304 A.3d 787, 2023 WL 5607249, at *1, *4–*5 (Pa. Super. Ct. Aug. 30, 2023), *appeal denied*, 312 A.3d 906 (Pa. 2024).

6

question that Mr. Burton had the opportunity to raise and litigate his suppression claims at both the trial court and appellate level. *See* ECF No. 9-23 at 23–24; *Burton*, 2019 WL 5549555, at *4–*7. Further, Mr. Burton does not specify in his Objections how the Superior Court failed "to give at least colorable application of the correct Fourth Amendment constitutional standard" when it evaluated his Fourth Amendment Claim; instead, he reiterates his original arguments on the suppression issue. Objections at 14. The Superior Court's seizure analysis referenced the prevailing Pennsylvania state and federal precedent at the time of decision and the court concluded that the seizure of both the minivan and minivan keys was permissible. *Burton*, 2019 WL 5549555, at *5–7. Mr. Burton may argue that the Superior Court's holding on the Fourth Amendment claim was erroneous, but the Superior Court's "decision, even if erroneous, is now beyond Article III review." *Jeffes*, 571 F.2d at 766; *see also Marshall*, 307 F.3d at 82 ("An erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the bar.").

Accordingly, because Mr. Burton has failed to show that he lacked a "full and fair opportunity" to litigate his Fourth Amendment claim, the claim is not cognizable on habeas review, and the objection is overruled.

## II.  CERTIFICATE OF APPEALABILITY

In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, the Court agrees with Magistrate Judge Reid's conclusion that a certificate of appealability should not issue.

## III.    CONCLUSION

Petitioner's objections are overruled, and the Court adopts the Report & Recommendation in full.  An accompanying order will follow.

BY THE COURT:

/s/ CHAD F. KENNEY

**CHAD F. KENNEY, J.**